IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALBERT BRADY, ) | CIVIL NO. 05-00144 HG-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HALAWA CORRECTIONAL FACILITY ) | |
| MEDICAL UNIT STAFF, CLAYTON ) | |
| FRANK, Warden, DR. JOHN DOE, ) | |
| SHARI KIMOTO, and MARY ) | |
| TUMINELLO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ADOPTING JUNE 15, 2006 "FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT", AS MODIFIED,
AND
DISMISSING ACTION**

Before the Court is Plaintiff's Motion for Summary Judgment and Defendants Halawa Correctional Facility Medical Unit Staff, Clayton Frank, and Mary Tumminello's Cross-Motion for Summary Judgment. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants did not provide proper medical care for his hernia. The Court referred the parties' motions to a United States Magistrate Judge pursuant to Local Rule 72.4 and 28 U.S.C. § 636(b)(1). For the following reasons, the Court ADOPTS the magistrate judge's Findings and Recommendations, as modified, that Plaintiff's Motion for Summary Judgment be denied and that Defendants' Cross-Motion for Summary Judgment be granted in part

and denied in part.  As no claims or parties remain, the action is dismissed.

## PROCEDURAL HISTORY

On March 2, 2005, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint", Doc. 1.)

On April 24, 2006, Plaintiff filed a Motion for Summary Judgment and an affidavit in support ("Plaintiff's Motion", Doc. 30.)

On May 1, 2006, Defendants filed a Cross-Motion for Summary Judgment ("Defendants' Cross-Motion", Doc. 33) and a separate and concise statement of facts in support.

On May 15, 2006, Plaintiff filed an Opposition to Defendants' Cross-Motion for Summary Judgment (Doc. 37) and a separate and concise statement of facts in support.

On May 25, 2006, Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment (Doc. 42) and a separate and concise statement of facts in support.

On June 2, 2006, Defendants filed a reply.  (Doc. 46.)

On June 14, 2006, Plaintiff filed a reply.  (Doc. 50.)

On June 14, 2006, the Magistrate Judge held a hearing on the motions.

On June 15, 2006, the Magistrate Judge issued a "Findings and Recommendation to Deny Plaintiff's Motion for Summary Judgment and to Grant in Part and Deny in Part Defendants' Cross-Motion for

Summary Judgment."  ("F&R", Doc. 48.)

On June 27, 2006, Plaintiff filed an "Objection to Findings and Recommendation Filed June 15, 2006."  ("Objection", Doc. 51.)

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim.  Fed. R. Civ. P. 72(b).  If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions.  Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

The Court adopts the facts and governing case law as set forth

in the F&R.

**A.   Magistrate Judge's Findings and Recommendations**

The F&R recommends granting Defendants' Cross-Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment on the grounds that: (1) all Defendants are immune from suit for damages in their official capacities; (2) Defendants Frank, Tumminello, and Dr. John Doe and the HCF Medical Unit Staff were not deliberately indifferent as to the Plaintiff's medical needs; (3) Defendants are entitled to qualified immunity; and (4) Defendant Shari Kimoto has never been served and prolonging the action to allow service upon Kimoto would be futile.  The F&R recommends that the Defendants' Cross-Motion for Summary Judgment be denied as to Plaintiff's administrative exhaustion of his claims.

**B.   Plaintiff's Objections to the F&R**

Plaintiff objects to the F&R, contending that:

(1)  Defendant Frank acted with deliberate indifference. In particular, Plaintiff contends that his Complaint included a negligence claim against Defendant Frank as a result of Plaintiff's assignment to an upper bunk bed and that Defendant Frank knew, or should have known, of the danger of putting Plaintiff in an upper bunk.  Plaintiff also contends that Defendant Frank is "co-liable" for his subordinates' "grossly negligent" decision to send Plaintiff on a high altitude flight to Mississippi;

(2)  Dr. John Doe, who Plaintiff acknowledges the magistrate

4

judge correctly identified as Dr. Abbruzzese (Objection at 6-7), acted with deliberate indifference by not heeding Plaintiff's complaints of pain from his hernia and in facilitating Plaintiff's flight from the Halawa Correctional Facility ("HCF") in Hawaii to the Tallahatchie County Correctional Facility ("TCCF") in Mississippi; and

(3) Plaintiff was unaware that Defendant Kimoto was not served and should be permitted to serve her at this time.

Plaintiff does not object to the magistrate judge's finding that Defendants are entitled to qualified immunity. (Objection at 2.)

### 1. *Defendant Frank did not act with deliberate indifference*

First, Plaintiff objects to the magistrate judge's finding that Plaintiff's Complaint did not include a claim or cause of action against Defendant Frank based on Plaintiff's assignment to an upper bunk bed. Plaintiff contends that his Complaint did include a claim based on his assignment to an upper bunk bed and that Defendant Frank knew, or should have known, of the danger of putting him in an upper bunk after receiving countless grievances for 15 years on lack of safe upper bunk access.

In his Motion, Plaintiff argues that Frank is liable for failing to ensure that Plaintiff had easier access to his bunk bed. The theory advanced in Plaintiff's Motion is that if he would have had easier access to his bed he would not have experienced the fall

which allegedly resulted in his hernia. The F&R finds that Plaintiff did not advance this theory of liability in his Complaint. In his Complaint, Plaintiff explained the fall as the cause of his injury, but he did not include the fall itself as a basis for an Eighth Amendment claim. (F&R at 19.)

Plaintiff objects to this finding and contends that he included the upper bunk falling injury claim in his Complaint at page two, paragraph 5. (Objection at 4.) Page 2, paragraph 5 of Plaintiff's Complaint states: "On April 20, 2004, I was injured at the Halawa Correctional Facility while climbing off the top bunk that has no rails or steps to ascend or descend from the top bunk." As explained in the F&R, the Complaint refers to Plaintiff's fall from his bunk bed as the cause of his injury. Plaintiff did not base any claim or cause of action in the Complaint on the fall itself. (F&R at 19.) Rather, Plaintiff's Complaint focuses on the medical treatment received by Plaintiff for his hernia which Plaintiff alleges was the result of his fall.

Not only does Plaintiff's Complaint fail to allege a constitutional, or any type of, claim based on unsafe bunk bed access, but there are no facts connecting Frank to the allegedly unsafe bunk bed access. Plaintiff did not present any facts or evidence showing that Frank was aware that Plaintiff had difficulty accessing the bunk. Plaintiff also does not present any facts or evidence to show that Frank had any knowledge that the bunks were

inherently dangerous or that Frank acted in complete disregard of that danger, with the necessary intent to demonstrate deliberate indifference to Plaintiff's safety.  As explained in the F&R, there is no basis for Plaintiff's claim that Frank knew or should have known of the alleged danger.  (F&R at 19-20.)

Second, Plaintiff contends that the magistrate judge erred in not imposing liability on Defendant Frank for Plaintiff's high altitude flight to Mississippi.  Plaintiff argues that Defendant Frank is "co-liable" for his subordinates' "grossly negligent" decision to send Plaintiff on a high altitude flight from the Halawa Correctional Facility in Hawaii to the Tallahatchie County Correctional Facility in Mississippi.

There is no basis for imposing individual liability on Defendant Frank in connection with Plaintiff's flight to Mississippi.  Plaintiff's claims against Frank are based solely on Frank's position as HCF Warden during the time at issue.  As explained in the F&R, there is no evidence that Frank was somehow personally involved in Plaintiff's transfer to Mississippi.  (F&R at 17-18.)  Even if he had been, there is no evidence that Frank was even aware of Plaintiff's hernia condition.  Nor has Plaintiff pointed to, or alleged, a blanket policy or procedure implemented by Frank that denied hernia surgery to all inmates or permitted transfer despite an inmate's medical condition which could result in a constitutional violation.

The Court ADOPTS the F&R's finding that Defendant Frank did not act with deliberate indifference.

### 2.   *Dr. John Doe did not act with deliberate indifference*

Plaintiff acknowledges that the magistrate judge correctly identified Dr. John Doe as Dr. Abbruzzese. (Objection at 6-7). Dr. Abbruzzese was the doctor at the Halawa Correctional Facility who examined Plaintiff for his hernia on June 9, 2004. The magistrate judge found that he did not act with deliberate indifference. Plaintiff objects to the magistrate judge's finding, contending that Dr. Abbruzzese acted with deliberate indifference by improperly delaying treatment for his hernia, ignoring his repeated and documented claims of pain and suffering, and in facilitating the flight from Hawaii to the Tallahatchie County Correctional Facility in Mississippi prior to hernia surgery.

As a preliminary matter, as explained in the F&R, Plaintiff never substituted Dr. Abbruzzese for Dr. John Doe and Dr. Abbruzzese is not a defendant to this action. Plaintiff represents that he mistakenly believed the Court would somehow complete this process. Although Plaintiff was responsible for substituting Dr. Abbruzzese for Dr. John Doe as a defendant, the magistrate judge correctly found that, even if he had, Dr. Abbruzzese did not act with deliberate indifference and he would be entitled to summary judgment as to Plaintiff's claims against him.

Plaintiff points out that he complained of hernia and made a

number of medical requests to see a doctor in late May and early June.  (Objection citing Motion at Exhibits A3 (Medical Request, dated 5/20/04), A6 (Medical Request dated 6/1/04), and A7 (Medical Request dated 6/6/04.)  Dr. Abbruzzese examined Plaintiff on June 9, 2004 and determined that Plaintiff had left inguinal hernia that did not require immediate surgery.  (F&R at 23.)  Plaintiff disagrees with Dr. Abbruzzese's diagnosis and claims that he needed immediate surgery.

As fully explained in the F&R, Dr. Abbruzzese's conservative approach to surgery does not amount to deliberate indifference.  (F&R at 23-24.)  Plaintiff has not shown that Dr. Abbruzzese's decision to follow a conservative course of treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health."  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).  Plaintiff's condition was not ignored.  He was given ibuprofen, he was instructed to use Ace bandages as a truss, and medical personnel monitored his condition both at HCF and at TCCF.  Between mid-April to late June 2004, medical personnel saw Plaintiff as least seven times.  The fact that surgery was not immediately performed as Plaintiff demanded does not show deliberate indifference.

Contrary to Plaintiff's allegations, there is no evidence that

Dr. Abbruzzese "facilitated" Plaintiff's transfer to the mainland. Dr. Abbruzzese's role was to diagnose Plaintiff. The HCF Medical Staff reviewed Plaintiff's medical records in determining that Plaintiff was eligible to be transferred to a mainland facility. (F&R at 25.) Plaintiff has not provided any evidence that the decision to transfer Plaintiff based on a review of his medical information was incorrect or made with deliberate indifference. Plaintiff has not presented any evidence that air travel is contraindicated for hernia patients. (F&R at 25.) There is no support for Plaintiff's contention that Dr. Abbruzzese had an obligation to halt Plaintiff's air transfer pending hernia surgery. (Objection at 8.)

The Court ADOPTS the F&R's finding that Defendant John Doe, or Dr. Abbruzzese, did not act with deliberate indifference.

  **3.**   ***Defendant Kimoto has not been served and service would be futile***

Plaintiff alleges that Defendant Kimoto, the Mainland Contract Monitor, was aware of his medical situation, but transferred him out of state thereby prolonging his pain and suffering. (Complaint at ¶ 9.) Defendant Kimoto has not been served. Plaintiff claims that he was unaware that Defendant Kimoto was not served. (Objection at 5-6.) The F&R finds that Plaintiff would have been notified of the United States Marshals' Service inability to serve Kimoto. (F&R at 28.) In his Objection, Plaintiff states that the United States Marshals' Service never notified him of its inability

to serve Kimoto at the address provided by Plaintiff and asks the Court to permit service on Kimoto at this juncture in the proceedings.

While it is unclear whether Plaintiff received notice by mail of the Marshals' service's inability to serve Kimoto, the Court agrees with the magistrate judge's finding that to prolong this action to allow service upon Kimoto would be futile. The Court adopts the magistrate judge's finding that the HCF Medical Unit Staff, and Dr. John Doe were not deliberately indifferent in clearing Plaintiff for transfer to Mississippi. (F&R at 29.) The Court also adopts the magistrate judge's finding that Kimoto's reliance on the medical information provided by these Defendants in processing Plaintiff's transfer to Mississippi would not have been deliberately indifferent. The Court does not rely on the magistrate judge's finding that Plaintiff should have been put on notice of the fact that Kimoto was not served by receiving the answer to the Complaint, the scheduling conference statement, and Defendants' Cross-Motion.

The Court ADOPTS the F&R's finding with respect to Kimoto, as modified.

### C. **The Court adopts the portions of the F&R to which no objections have been raised**

In addition to the portions of the F&R expressly discussed in this Order, the Court is satisfied that there is no clear error with respect to the portions of the F&R to which no objections have

been raised. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citations omitted) (stating that a district court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of the record). The Court, therefore, adopts, in their entirety, the portions of the F&R to which no objections have been raised.

## CONCLUSION

In accordance with the foregoing, the Court **ADOPTS**, the magistrate judge's June 15, 2006 filing entitled "Findings and Recommendation to Deny Plaintiff's Motion for Summary Judgment and to Grant in Part and Deny in Part Defendants' Cross-Motion for Summary Judgment", as modified.

IT IS HEREBY ORDERED:

1.  That the Plaintiff's Motion for Summary Judgment is **DENIED**.

2.  That Defendants' Cross-Motion for Summary Judgment is **GRANTED** as to claims against all Defendants in their official capacities.

3.  That Defendants' Cross-Motion for Summary Judgment is **GRANTED** as to claims against Clayton Frank.

4.  That Defendants' Cross-Motion for Summary Judgment is **GRANTED** as to claims against Mary Tumminello.

5.  That Defendants' Cross-Motion for Summary Judgment is **GRANTED** as to claims against Dr. John Doe and the HCF Medical Unit

Staff.

    6.    That all Defendants are entitled to qualified immunity.

    7.    That Shari Kimoto was never served with the Complaint; and that any attempt at service now would be both prejudicial to Defendants and futile.

    8.    That Defendants' Cross-Motion for Summary Judgment, or Motion for Dismissal, be **DENIED** as to issue of Brady's administrative exhaustion of his claims.

As no claims or parties remain, the action is **DISMISSED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 29, 2006.



        **/s/ Helen Gillmor**
        Chief United States District Judge

---

Albert Brady v. Halawa Correctional Facility Medical Unit Staff, et al., Civil No. 05-00144 HG-KSC; **ORDER ADOPTING JUNE 15, 2006 "FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT", AS MODIFIED, AND DISMISSING ACTION**